IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO. 7:15-cv-00238-FL

| | |
|---|---|
| DUPLIN WINE CELLARS, INCORPORATED, <br>     Plaintiff <br><br> v. <br><br> FARRELLY, INC. and CHRISTY FARRELLY, <br>     Defendants <br> _____ <br><br> FARRELLY, INC. a/k/a THE FARRELLY GROUP, INC., <br>     Counterclaim Plaintiff <br><br> v. <br><br> DUPLIN WINE CELLARS, INCORPORATED; DUPLIN WINE FAMILY, INC.; DUPLIN WINE CELLARS DISTRIBUTING, LLC; DUPLIN WINE CELLARS RETAIL SALES, INC.; DUPLIN GOURMET, LLC; THE BISTRO AT DUPLIN WINERY, LLC; THE VILLAGE AT DUPLIN WINERY, LLC; FUSSELL BROTHERS, LLC; RESVERATROL, INC.; SAGE DOT CORPORATION; SHERIAR PRESS, INC.; WRIGHT OF THOMASVILLE, INC.; DAVID G. FUSSELL, JR.; and JONATHAN D. FUSSELL, <br>     Counterclaim Defendants | CONSENT PROTECTIVE ORDER |

   To facilitate the production and receipt of information during discovery in this Phase I of this lawsuit, the parties have consented, through their respective counsel, to the entry of this Consent Protective Order ("Protective Order") for the protection of confidential and other

commercial information that may be produced or otherwise disclosed during the course of this lawsuit.

Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 502 (d) of the Federal Rules of Evidence, it is hereby **ORDERED** as follows:

1. Good cause exists for entry of a protective order pursuant to Fed.R.Civ.P. 26(c). In view of the nature of the case, involving origin, use, and payment for various advertising and marketing materials, it is anticipated that discovery will pertain to and include significant financial and commercially sensitive information of the parties, including, among other things, bank records, employee and independent contractor records, vendor dealings, marketing strategies, sales data, and other proprietary information that the parties do not disclose to the public and that has significant commercial value that in many instances could, if publicly disclosed, give competitors an unfair commercial advantage, as well as sensitive financial and personal information regarding the individual parties and employees.

2. This case previously has been divided into phases, with matters as to SAGE DOT CORPORATION; SHERIAR PRESS, INC.; WRIGHT OF THOMASVILLE, INC.; (hereafter the "Non-Duplin Parties") reserved for Phase II of the litigation. The parties and the Non-Duplin parties have agreed that discovery requests and responses thereto served during Phase I of this lawsuit shall not be served upon the Non-Duplin parties during Phase I, which will facilitate the exchange of documents as hereafter set out. This staging of discovery is consistent with the Court's Case Management order. The parties recognize that should the matter proceed to Phase II, then at that time the Non-Duplin Parties may have need of previously-exchanged Phase I discovery and the parties may request modifications to the Protective Order to accommodate provision of previously-exchanged confidential materials to the Non-Duplin

Parties, including the re-categorization of some such materials for review on an Attorneys' Eyes Only basis, if justified, should the case proceed to Phase II.

3. Any person (including third parties not named in this action) who is required to produce documents, things, or information (collectively referred to hereafter as "material") in discovery in this case may designate material produced as "CONFIDENTIAL" pursuant to this Protective Order.

4. After carefully reviewing materials to segregate non-confidential from Confidential Information, a party (or a third party producing documents or providing deposition testimony) may designate any deposition testimony, information, materials or documents produced or furnished by that person pursuant to discovery or otherwise during the course of this litigation as "CONFIDENTIAL" (information so designated collectively being "Confidential Information").

The designation of any material as Confidential Information shall constitute a representation by the party and its counsel that they, in good faith, believe that:

a. the material so designated contains or constitutes at the time of the designation: (1) trade secrets or other information of a non-public nature considered by the producing party or person to be commercially or personally sensitive, confidential and/or proprietary; or (2) other sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed sensitive by a non-party; and

b. the designation of such material as Confidential Information pursuant to this Protective Order is necessary to protect the producing party from disclosure to

anyone other those persons identified in Paragraph 7 below in order to avoid unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c).

5. Any document or portion of a transcript, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Confidential Information as defined in paragraph 4 above shall be so designated by such party by stamping the legend CONFIDENTIAL on each page of such document or by otherwise conspicuously indicating the appropriate designation on such physical object prior to production. In lieu of marking the appropriate notation on the originals of documents, the party may mark the copies that are produced. All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information and providing the appropriate designation.

6. Any information designated as Confidential Information shall not be publicly disclosed, discussed, or disseminated directly or indirectly by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained through subpoena or document demand in another proceeding before a court of competent jurisdiction, or by summons or subpoena from any federal or state governmental agency or body. Except as expressly permitted herein or by further order of this Court, all Confidential Information shall be maintained and kept by the other parties in this case in a manner consistent both with maintaining the confidentiality of the information

and the intent of this Order. Confidential Information shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 7 hereof.

   7.  The following persons shall be the only persons permitted to have access to Confidential Information designated, and such access shall be permitted subject to the limitations set forth below:

    a.  Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers' staff to whom it is reasonably necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks.

    b.  Each party, and any current or former partner, member, director, officer, or employee of a party who is requested by that party or any of its attorneys to work on or potentially testify at deposition or trial in this action and who requires the information to assist in or evaluate this action, provided they are advised of and bound by the provisions of this Protective Order;

    c.  Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is reasonably necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

    d.  Any non-party witness in this litigation, and his or her counsel, may be provided with a copy of any document(s) produced by others and designated as Confidential Information for their review in preparation for or during their deposition or in preparation for their testimony at trial or a hearing in this litigation (provided that neither the witness nor his or her counsel may take notes concerning the substance of the document(s) and

that upon completion of the review, the document(s) shall be returned to counsel for the supplying party);

    e. The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it, and any person who is alleged by the producing party to have authored or previously received the material;

    f. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

    g. Mediators and their staffs enlisted by all parties to assist in the resolution of this matter;

    h. Outside commercial copying services operating under obligations of confidentiality to counsel or who have signed an express agreement to keep confidential all Confidential Information materials; and

    i. The Court and its personnel.

  8. Except for counsel of record, parties, and officers, directors, and managers of the parties, all persons receiving any Confidential Information under paragraph 7(c) above shall be required to sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be on the form annexed hereto. Counsel for each party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information pursuant to paragraph 7(c).

  9. A party may designate as Confidential Information those portions of the transcript of a deposition that refer to matters deemed Confidential Information pursuant to paragraph 4 above by indicating on the record at the deposition that the testimony contains or reflects such Confidential Information. A party may also designate portions of the transcript of a

6

deposition as Confidential Information by notifying all parties, in writing within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall take appropriate means to ensure that the respective provisions of those copies of the transcript in its possession are so designated, which may include attaching a copy of such written statement to the back of the transcript and each copy thereof in the party's possession, custody or control. In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as Confidential Information for a period of 30 days after a full and complete transcription of such deposition is available.

10. Any party may file or introduce any material that has been designated Confidential Information into evidence in connection with any proceeding in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court subject to the limitations set out herein.

a. All Confidential Information filed with the Court for any purpose shall be filed in accordance with the Court's provisions for the filing of sealed and provisionally materials utilizing the then-current provisions for the filing of sealed and provisionally sealed documents set out in the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Eastern District of North Carolina.

b. Additionally, each time a party seeks to file under seal confidential documents, things, and/or information that constitute or contain Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of

the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. *See* Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

    c.    If any person fails to file protected documents or information under seal, the producing person may request that the Court place the filing under seal.

    d.    Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

    e.    Prior to the use in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions, the party desiring to use the material ("the disclosing party") shall give the relevant producing person(s) advance notice at such time as the disclosing party determines that it will

use, or is substantially likely to use, such material in open court. Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the public, or that a person be excluded from a hearing or any portion of it, must make a separate motion seeking such relief.

11. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party may thereafter stamp or otherwise designate the document or other information as Confidential Information provided that the party gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than those persons identified in paragraph 7 above, and thereafter such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other party. No material shall lose its status as Confidential Information because of such belated failure to designate, or because the material or part of it was disclosed, after receipt from the producing party, to a person not authorized to receive it under this Protective Order.

12. Any inadvertent or unintentional disclosure by the supplying party of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related

subject matter, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification:

    a. any parties that have received such information shall, going forward, comply with the requirements of this Order concerning such information (including the requirements of this and the preceding paragraph regarding attempting to retrieve material designated Confidential Information that is in the hands or under the control of third parties), and

    b. any parties that have received copies of any inadvertently produced document or information subject to a claim of privilege or immunity shall, either (i) treat the document as privileged and, to the extent reasonably feasible, promptly return it to the supplying party and, to the extent possible, make reasonable efforts to destroy or delete any other copies thereof (including electronic copies) or (ii) promptly notify the party claiming privilege or immunity that the party receiving the document or information disagrees with the claim and the reasons for the disagreement (which shall not include the inadvertent or unintentional disclosure but may include unreasonable delay following discovery), and provide the party asserting the claim with an opportunity to file within ten (10) days an appropriate motion seeking relief from the Court and treating such documents or information as privileged during this ten (10) days and, if such a motion is filed, until the Court resolves the motion.

13. Unless required to maintain the document by subpoena, summons, or other similar process, within sixty (60) days after the final conclusion of this action, including all appeals:

    a. Except as noted hereinafter for an archival copy, the receiving party shall destroy all originals and copies of each document or object that another party has

designated as Confidential Information (including both paper and electronic versions), and shall provide the designating party with written confirmation of such destruction; or

b. In the alternative, except as noted hereinafter for an archival copy, the receiving party may return all originals and copies of each document or object that another party has designated as Confidential Information to the designating party and destroy all electronic copies of such materials, and provide the designating party with an affidavit confirming that all Confidential Information material in tangible form (including both paper and electronic versions) has been returned and/or destroyed.

Notwithstanding anything in this paragraph to the contrary, counsel for each party may retain an archival copy of Confidential Information, providing that such material is retained with the appropriate designation and providing that any such archival copy shall remain subject to this Protective Order.

If required to maintain any documents or electronically stored materials after the conclusion of this action by subpoena, summons, or other similar process, the receiving party may maintain such document without use or reference thereto, provided that such receiving party must return or destroy it and any copies of it when no longer subject to subpoenas, summons, or the like from third parties and governmental entities, or when it is otherwise permissible to return or destroy the same.

The provisions of this Order restricting the communication or use of material designated as Confidential Information shall survive the conclusion of this Action unless otherwise agreed in writing by the parties.

14. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition shall be informed by counsel, through a statement

on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes videotape or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber or videographer or shall be delivered to the undersigned attorneys.

15. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the Confidential Information designation of any material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking to retain the Confidential Information designation applied to such material shall have the burden of applying to the Court for an order deeming the information properly designated as Confidential Information as defined herein. Such application must be made within ten (10) days of written notice from the challenging party that the parties have reached an impasse regarding designation of the document(s) in question, which written notice shall reference this Order and the deadline set out in this paragraph. Any information designated as Confidential Information shall remain subject to the terms of this Order during the resolution of any dispute pursuant to this paragraph.

16. Nothing shall prevent disclosures beyond the terms of this Protective Order: (a) by the party that designated the information as Confidential Information, (b) if the

party that designated the information as Confidential Information consents to such disclosure, or (c) if the Court, after notice to all affected parties, enters an order permitting such disclosure.

17. This Order shall not be construed to prevent any person, including those persons identified in paragraph 7 above, from making use of documents or information (a) lawfully in his or her possession prior to receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) available in any published material available to the general public, without fault of the disclosing party, (c) obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, (d) obtained lawfully and independently of any proceedings in this action, or (e) exempted from the operation of this Protective Order by written consent of the party producing such Confidential Information.

18. If, in another action or proceeding, any person possessing material that has been designated Confidential Information receives or has received a subpoena, summons, or document demand which seeks all or part of the Confidential Information, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the material designated Confidential Information (or so soon thereafter as it is recognized that material designated Confidential Information is encompassed within the scope of the subpoena or demand) and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

19. Nothing in this Order shall prevent any person or entity from disclosing or providing any material designated Confidential Information pursuant to an administrative order,

demand, summons, subpoena or other request from any federal or state agency or grand jury, provided that, to the extent not prohibited by law, the notification and withholding procedures set forth above in the preceding paragraph shall apply in the case of any such request.

20. Nothing in this Order shall prevent any producing party from seeking additional protection regarding the production, use or disclosure of Confidential Information in connection with any hearing or other proceeding in this Action. Nothing in this Order shall prevent any party from opposing the production of any information for reasons other than confidentiality.

21. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

**IT IS SO ORDERED.**

This the _21st_ day of _____November_____, 2016.

_____*Louise W. Flanagan*_____
The Honorable Louise W. Flanagan
United States District Judge

# ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Consent Protective Order entered in the case captioned *Duplin Wine Cellars, Incorporated v. Farrelly, Inc. and Christy Farrelly, et al.,* Civil Action No. 7:15-cv-00238-FL, has had an opportunity to review the Consent Protective Order; and is fully familiar with all of the terms of the Consent Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Consent Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____

070913-00005
ND: 4844-3547-9867, v. 3